Peck, J.
[201] delivered the opinion of himself,
Judges Whyte, and Catron ; Crabb, J. having been of counsel in the Court below, did not sit. [1]
Of the many objections urged to the regularity of the proceedings had in the Court below, this Court have determined to consider but one.
The defendants below, in deraigning their title, produced and offered to read to the juty a.certified copy of a deed from Stokely Donnelson to Henry, one of the defendants, without attempting to account for the absence of the original deed. This, though objected to on the' part of the plaintiff’s counsel, was permitted to be read. We are of opinion this was an error in the Circuit Court, for which there must be a reversal.
*537 The Court no doubt considered, inasmuch as Walker came into possession and held under a deed from Henry, with general warranty that the copy, as to Walker, was admissible evidence. The rule is that the best evidence shall be produced, when in the power of the party; and it should nofbe lost sight of that "in this case Henry and Walker defend this action jointly, having so pleaded.
The suit is brought for five thousand acres of land. Walker’s deed is for a small portion only of the tract. Admit that [202] Walker, so far as his interest extends, had a right to use the copy, had he stood alone in the defence ; does it follow that Henry could stand by with a deed, which it may be presumed was intended, when produced, to be assailed, and shelter himself from the attack of his adversary, by withholding such evidence as the face of the original may have presented ? If so, Henry; for his portion of the land in controversy, would be placed in a much more favorable situation by his association with Walker than if he had stood alone.
Copies have been' admitted without accounting for the absence of the originals, only in those cases where the warrantor (not a defendant) was supposed to keep his title by him, in the event óf a suit against his grantee; that having notice to come in and vouch the title, and being liable over if he did not, he was supposed to have retained the title-deeds to himself, that he might be prepared at all times with his evidence. ’ The law, therefore, suffers him to be the depositary of his own written evidence. But can this rule apply where both grantor and grantee are before the Court as defendants ? We think not.
Reverse the judgment and remand the cause.
The other points in the cause will be considered, when, by a bill of exceptions, and a record properly made out, they shall be presented. We are here presented with a mass of original and detached papers, which are, and of right ought to be, the property of the parties litigant. We cannot treat them as parts of the record; were we to do so, the papers could not be removed from the office. We should not (even by consent) have forced upon us, as a record, that which we have not the power to make such. It is against a rule of this Court, and is wholly unwarranted by practice; 'and though it has been indulged in in a few instances, we think propriety and order, as well as that certainty which ought always to be kept in view, demand that we should stop here.
It is a drudgery which ought not to be imposed, or assumed by the Court, to examine and methodize such a mass of original documents, many of them much mutilated and [203] worn, presented" to us as records, when they neither are in fact, nor can be made such.
The point upon which the cause is reversed, being found in the record, has alone been considered by the Court.